**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CRAIG LAFRANZ TAYLOR,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )    **CIV-07-283-R** |
| | ) |
| **ERIC FRANKLIN, Warden,** | ) |
| | ) |
|     **Respondent.** | ) |

## O R D E R

Before the Court are the Supplemental Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered August 1, 2007 [Doc. No. 21] and Petitioner's Objection to the Supplemental Report and Recommendation filed August 20, 2007 [Doc. No. 22]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Supplemental Report and Recommendation *de novo* in light of Petitioner's Objection.

Petitioner objects to the Magistrate Judge's conclusions and recommended dispositions on all of Petitioner's grounds for habeas relief. With respect to the first claim, Petitioner argues that the OCCA's reduction of his sentence to twenty years was improper to remedy the due process violation that occurred because the jury received extraneous information (that Petitioner *had been arrested on another charge*) because the jury might have sentenced Petitioner to 5 years instead of twenty. He states that he has always objected to the validity of the prior convictions used to enhance his sentence and suggests either that he is challenging the validity of those convictions now or whether the State proved those convictions, or that the extraneous information the jurors received had to have been about

his former convictions.  *See* Petitioner's Objection at p. 2.  It is not clear to the Court just what Plaintiff is arguing.  However, to the extent Petitioner is asserting that the State did not prove, or there was insufficient evidence presented at trial of, his prior felony convictions, that claim is procedurally barred from review herein because Petitioner failed to raise the claim on direct appeal to the OCCA and Petitioner has failed to show either cause for his state court default and actual prejudice or that a fundamental miscarriage of justice will result if the claim is not reviewed.  *See* Supplemental Report and Recommendation at pp. 16-20.  The record is clear that the extraneous information that the jury received did not pertain to a *former felony conviction* but to an *arrest* on another *charge*.  The jury obviously found that Petitioner had been previously convicted of two felonies, which required a sentence of not less than ten (10) years and up to life imprisonment.  *See* Okla. Stat. tit. 21, § 801.  The OCCA reduced the sentence to twenty years.  The court could not have reduced Petitioner's sentence to five (5) years for the crime of which he was convicted with no enhancement for the two prior felonies of which the jury obviously found Petitioner had previously been convicted.  *See* Okla. Stat. tit. 21, § 801.  Petitioner's objection is without merit.  The Magistrate Judge correctly concluded that this ground for habeas relief is moot as a result of Petitioner's direct appeal.

With respect to pretrial identification of Petitioner by the victim, Petitioner asserts that the presentation of three photo line-ups to the victim was impermissibly and unduly suggestive, that the Magistrate Judge failed to apply *Manson v. Brathwaite*, 432 U.S. 98, 109, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) and that the OCCA's determination of this claim was

contrary to law, involved an unreasonable application of clearly established federal law and an unreasonable determination of the facts in light of the evidence presented. The OCCA's adjudication of this claim was not contrary to law, and did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence presented.  The Magistrate so held and in doing so specifically considered the holdings in *Manson, supra*, and concluded that the OCCA's adjudication did not involve unreasonable application of *Manson, supra.  See* Supplemental Report and Recommendation at pp. 9 & 11.  The Court agrees.  The pretrial identification procedures were not shown to be impermissibly suggestive and were sufficiently reliable under the factors set forth in *Manson* to be admissible.  Petitioner's objection directed to this ground for relief is without merit.

With respect to a single juror's viewing of the Petitioner in shackles, which was accidental, Petitioner asserts that trial counsel did request that the Court inquire concerning the juror's potential prejudice.  The record does not support Petitioner's claim; trial counsel merely asked the Court to declare a mistrial.  Petitioner states that neither the state court nor this Court can say for certain the viewing did not prejudice the juror or the jury.  But the OCCA's determination that the viewing was not an error requiring relief is not contrary to or an unreasonable application of clearly established federal law, as is evident from the Supreme Court cases cited by the Magistrate Judge.  Petitioner has failed to show that the OCCA's adjudication of this claim was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

With respect to the Magistrate Judge's conclusions and recommendation on Plaintiff's claim for prosecutorial misconduct, Petitioner complains only of the prosecutor's implication that criminal activity was occurring inside the house where Petitioner was living and his implication that the defense should have called the homeowner as a witness. As the Magistrate Judge pointed out, the trial court sustained Petitioner's objections to the prosecutor's questions which Petitioner contends raised such implications. *See* Supplemental Report and Recommendation at pp. 15 & 16. Petitioner's Objection is without merit. The OCCA's adjudication of this claim was not contrary to or an unreasonable application of *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

Petitioner's arguments directed to the merits of his fifth through ninth grounds for relief, grounds he defaulted in state court and are now procedurally barred herein, are irrelevant. Contrary to Petitioner's argument, the Magistrate Judge did not err when he stated that "rebuttal testimony by a police detective revealed that in an interview with Petitioner's alibi witness the witness had been unable to state with certainty *that he had seen Petitioner on the night of the robbery.*" Supplemental Report and Recommendation at p. 19 (emphasis added). Compare with Tr. at 123. The Magistrate Judge accurately paraphrased or summarized the substance of Detective Ball's testimony about his pretrial interview of the alibi witness. Petitioner has not affirmatively shown that he is actually innocent nor does the trial record affirmatively demonstrate Petitioner's innocence.

In accordance with the foregoing, the Supplemental Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 is DISMISSED as to the first ground for relief and is in all other respects DENIED.

**It is so ordered this 24th day of August, 2007.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE